**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUPI EDWARDS, individually and as decedent Fiailoa Saupo Edwards successor-in-interest; R. S. A., a minor by Mark Leonard Sallus as Guardian Ad Litem, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant-Appellee. | No.  15-55577 <br><br> DC No. CV 12-10994 PA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 10, 2017
Pasadena, California

Before:    TASHIMA and NGUYEN, Circuit Judges, and MARBLEY,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Lupi Edwards and R.S.A. ("appellants"), successors-in-interest to decedent Fiailoa Edwards, appeal from a judgment entered pursuant to a jury verdict in favor of Ford Motor Company ("Ford") on appellants' claim that Fiailoa Edwards' vehicle was defectively designed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fiailoa Edwards was driving south on Interstate 5 in his 2002 Ford Explorer Sport Trac, when traffic ahead of him abruptly began to slow. To avoid a collision, he veered onto a shoulder at an initial speed of sixty miles per hour. At a speed of 30 to 35 miles per hour, his vehicle rolled a total of 2.75 times. The roof of the vehicle crushed eight inches vertically and six inches laterally. Edwards died from blunt force injuries to his head, neck, and chest.

Appellants sued Ford. They alleged that the Explorer was defectively designed because the roof was not sufficiently rigid. Appellants' theory was that the roof should have only crushed two or three inches vertically, rather than eight inches vertically and six inches laterally. Before trial, the district court granted Ford's motion *in limine* to exclude evidence and argument on the consumer

expectations test for design defect liability. At trial, the court gave an instruction on the risk-benefit test for design defect liability. The jury found in Ford's favor.[1]

Appellants now argue that the district court erred in granting Ford's motion *in limine* and failing to give an instruction on the consumer expectations test. Ford contends that appellants did not preserve the issue below.[2] We need not decide that question because, even assuming the issue has been preserved, the consumer expectations test does not apply.

The consumer expectations test "is reserved for cases in which the everyday experience of the product's users permits a conclusion that the product's design violated minimum safety assumptions, and is thus defective regardless of expert opinion about the merits of the design." *Soule v. Gen. Motors Corp.*, 882 P.2d 298, 308 (Cal. 1994) (emphasis omitted). "[W]hen the ultimate issue of design defect calls for a careful assessment of feasibility, practicality, risk, and benefit, the case should *not* be resolved simply on the basis of ordinary consumer expectations." *Id.* at 305 (emphasis added). The district court did not err in excluding the consumer expectations test under this standard. Drivers' everyday

---

[1] Appellants also alleged that the vehicle was defective because it lacked a rollover-activated side-curtain airbag. Appellants do not pursue that claim on appeal.

[2] The district court made "tentative" rulings on this issue at a series of pretrial hearings.

3

experiences do not allow for the formation of reasonable expectations as to the degree that a vehicle's roof should crush during a rollover. Moreover, appellants' theory of roof defect called for expert opinion by a structural engineer, who assessed the feasibility, risks, and benefits of the Explorer's roof as compared to a roof reinforced with polyurethane foam and high-grade steel.

Appellants contend that the district court should have given them the opportunity to show that consumers do have expectations as to the amount of acceptable roof deformation during a rollover. We are unpersuaded. Although plaintiffs may introduce, for example, owners' manuals or advertisements to show what consumers expect of a particular vehicle, appellants do not claim to have any such evidence. *See, e.g.*, *Mansur v. Ford Motor Co.*, 129 Cal. Rptr. 3d 200, 211 (Ct. App. 2011).

Appellants also point out that "the inherent complexity of the product itself is not controlling on the issue of whether the consumer expectations test applies." *See Romine v. Johnson Controls, Inc.*, 169 Cal. Rptr. 3d 208, 217 (Ct. App. 2014). While that may be true, our decision is not based on the complexity of the product, but rather the lack of consumer expectations regarding the extent to which the Explorer's roof would crush in a multiple rollover accident.

The district court correctly concluded that the "ordinary consumer of automobiles cannot reasonably expect that a car's frame" would remain intact under those circumstances. *See Soule*, 882 P.2d at 310.

**AFFIRMED**.